UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANON OLAN BROCK,

      Plaintiff,

                              **Case No. 2:14-cv-0323**

   v.                         **JUDGE GREGORY L. FROST**

                                   **Magistrate Judge Terence P. Kemp**

RICHARD HARRISON,

      Defendant.

## OPINION AND ORDER

This matter is before the Court for consideration of Plaintiff's motion to reopen discovery regarding Defendant's being placed on administrative leave (ECF No. 39), Defendant's response in opposition (ECF No. 40), and Plaintiff's reply memorandum (ECF No. 42). For the reasons that follow, the Court **GRANTS** the motion.

### I.      BACKGROUND

This case involves an incident in which Plaintiff was driving a vehicle on public roadways. Defendant Harrison, a member of the Gallia County, Ohio Sheriff's Office, attempted to initiate a traffic stop of Plaintiff's vehicle. Plaintiff drove away and a vehicle chase ensued. Ultimately, Defendant exited his cruiser and shot Plaintiff in the arm. Plaintiff filed the present lawsuit under 42 U.S.C. § 1983 and alleged that Defendant's use of his firearm constituted excessive force.

Discovery closed in this case on May 29, 2015. Trial is scheduled to begin on January 4, 2016.

On September 11, 2015, Plaintiff issued a subpoena to the Gallia County Sheriff's Office ("the County") for updated personnel records for Defendant.  The County responded with certain records, one of which is a letter indicating that Defendant is being placed on administrative leave as of August 27, 2015.  The letter states that Defendant is to be on administrative leave "until further notice pending the outcome of an investigation."  (ECF No. 39-1, at PAGEID # 396.)  Neither the letter nor the other records provide any insight into the nature of the investigation.

Plaintiff now moves to reopen discovery to address this issue.  Defendant opposes the motion.  The Court will consider the parties' arguments below.

## II.     ANALYSIS

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified for good cause and with the judge's consent.  When a party requests to modify a scheduling order to reopen discovery, the following factors are relevant: whether there exists good cause to reopen discovery, whether the need for additional discovery is due to the movant's neglect, and whether there exist other persuasive reasons (such as prejudice to the non-moving party) not to reopen discovery.  *See Morgan v. Gandalf, Ltd.*, 165 F. App'x 425, 431 (6th Cir. 2006).

Here, these factors clearly support reopening discovery for the limited purpose of allowing Plaintiff to discover the facts surrounding the investigation and Defendant's administrative leave.  The information that is the subject of these requests was not available until after the discovery period closed.  Had such information been available during the discovery period, it would have been discoverable under Rule 26(b)(1) as information that is reasonably calculated to lead to the discovery of admissible evidence.  And although Defendant may suffer

some prejudice in that new information will be exchanged within three months of the trial date, this prejudice is not enough to preclude Plaintiff from obtaining the requested discovery.

Defendant's arguments to the contrary are not compelling.  Defendant argues that the information underlying the investigation and administrative leave is irrelevant and inadmissible. It goes without saying, however, that the information sought need not be admissible as long as it is reasonably calculated to lead to the discovery of admissible evidence.  *See* Fed. R. Civ. P. 26(b).  Defendant's arguments regarding the Federal Rules of Evidence are entirely misplaced in this context.  Because the discovery Plaintiff seeks is specific and reasonably calculated to lead to the discovery of evidence related to Defendant's credibility (among other things), and because such discovery was not available prior to May 29, 2015, good cause exists to reopen the discovery period.

As a final note, the Court agrees with Plaintiff that Defendant places the cart before the horse when he discloses select facts about the investigation (such as the fact that it involves a "civilian complaint"[1] made two and a half years after the incident that is the subject matter of this case).  Without discovery, Plaintiff has no way to confirm these facts and/or identify other facts that will determine whether the information will be admissible at trial.  The Court similarly cannot consider these facts without having seen any evidence regarding the investigation.

In short, good cause exists to reopen discovery on the limited issue of the investigation involving Defendant and the corresponding administrative leave.  Plaintiff shall be permitted to conduct discovery on this limited issue.

---

[1] ECF No. 40, at PAGEID # 408

**III.      CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion to reopen discovery.

(ECF No. 39.)

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE

4