UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RANON OLAN BROCK,

         **Plaintiff,**

         **v.**

RICHARD HARRISON,

         **Defendant.**

**Case No. 2:14-cv-0323**
**JUDGE GREGORY L. FROST**
**Magistrate Judge Terence P. Kemp**

## OPINION AND ORDER

This matter is before the Court for consideration of the following motions and corresponding filings: (1) Defendant's first motion *in limine* to exclude certain evidence regarding the pursuit of Plaintiff (ECF No. 26), Plaintiff's response in opposition and, in the alternative, motion *in limine* for segmentation of the evidence (ECF No. 31), Defendant's reply in support of his motion *in limine* (ECF No. 35), and Plaintiff's reply memorandum in support of his motion for segmentation (ECF No. 36); (2) Defendant's motion to strike Plaintiff's reply memorandum (ECF No. 37), Plaintiff's response in opposition (ECF No. 38), and Defendant's reply memorandum in support of his motion to strike (ECF No. 41); and (3) Defendant's second motion *in limine* to exclude evidence or reference to alleged policy violations (ECF No. 43), and Plaintiff's response in opposition (ECF No. 46).  For the reasons that follow, the Court **DENIES** the motions.

### I.      BACKGROUND

This case involves a vehicle chase that ended with Plaintiff being shot in the arm. According to the Complaint, on February 18, 2013, Plaintiff stopped his vehicle partially on the

1

roadway.  Defendant Richard Harrison (a law enforcement officer with the Gallia County, Ohio Sheriff's Office) initiated a traffic stop of Plaintiff's vehicle.  Plaintiff pulled away from the traffic stop and a vehicle chase ensued.  Ultimately, Defendant was able to stop Plaintiff's vehicle and prevent it from moving.  Defendant exited his vehicle and shot Plaintiff through the driver's side window.  Plaintiff sustained a gunshot wound to his arm.

Plaintiff subsequently brought a claim for relief under 42 U.S.C. § 1983.  Plaintiff alleges that Defendant's conduct constitutes excessive force in violation of Plaintiff's constitutional rights.  A jury trial is scheduled to begin on January 4, 2016.

Defendant now moves to exclude certain evidence from trial.  Specifically, Defendant argues that Plaintiff intends to present evidence suggesting that Defendant violated Gallia County policies during the vehicle pursuit.  Defendant argues that such evidence is irrelevant to the question of whether Defendant used reasonable force when he shot Plaintiff in the arm.

Plaintiff responds by arguing that the facts underlying the vehicle chase are part of the totality of the circumstances that the jury may consider in determining whether Defendant used reasonable force.  Plaintiff characterizes Defendant's conduct during the chase as "over-aggressive and dangerous," (ECF No. 31, at PAGEID # 160), and argues that such conduct is relevant to the issue of whether the force Defendant ultimately employed was reasonable.  In the alternative, Plaintiff argues that the evidence should be segmented such that "neither party may put on evidence about the pursuit."  (*Id*.)

Defendant filed a reply memorandum in support of his motion *in limine*.  Plaintiff subsequently filed a reply memorandum in support of his motion to segregate evidence. Defendant then filed a motion to strike Plaintiff's reply memorandum, arguing that the same

improperly raises new arguments and new factual allegations.  Plaintiff opposed the motion, and Defendant filed a reply memorandum in support of the motion.

Around this same time, Plaintiff learned that Defendant had been placed on administrative leave from his job as of August 27, 2015 "pending the outcome of an investigation."  (ECF No. 39-1, at PAGEID # 396.)  Plaintiff moved to reopen discovery on this limited issue.  The Court granted Plaintiff's request.  Defendant then filed a second motion *in limine* to preclude Plaintiff from introducing any evidence of "departmental violations [that] may have occurred after the pursuit and shooting incident."  (ECF No. 43, at PAGEID # 432.)

The Court will consider the parties' arguments below.

## II.    ANALYSIS

The Court has previously set forth the standard that governs motions *in limine*:

> Motions *in limine* are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose. *See Jonasson v. Lutheran Child and Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997). The court has the power to exclude evidence *in limine* only when evidence is clearly inadmissible on all potential grounds. *Cf. Luce v. United States*, 469 U.S. 38, 41 n. 4, 105 S. Ct. 460, 463 n. 4, 83 L.Ed.2d 443 (1984) (federal district courts have authority to make *in limine* rulings pursuant to their authority to manage trials). Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context. (citations omitted). Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial. Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded. The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*. *See United States v. Connelly*, 874 F.2d 412, 416 (7th Cir.1989) (citing *Luce*, 469 U.S. at 41, 105 S.Ct. at 463) ("Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling."); *Hawthorne Partners v. AT&T Technologies, Inc*., 831 F. Supp. 1398, 1400–01 (N.D. Ill. 1993).

*Hinkle v. Norfolk S. Ry. Co*., No. 2:05-cv-574, 2007 WL 496365 (S.D. Ohio Feb. 12, 2007)

(quoting *Indiana Ins. Co. v. Gen. Elec. Co.,* 326 F. Supp. 2d 844, 846–47 (N.D. Ohio 2004)).

That standard must be viewed in context with the standard governing excessive force

claims under § 1983.  The parties agree that the jury must be able to examine "the totality of the

circumstances" in order to determine whether a law enforcement officer's use of force was

objectively reasonable.  *See, e.g., Graham v. Connor*, 490 U.S. 386, 396–97 (1989).  Where, as

here, an officer employs a firearm, the circumstances leading up to the shooting are relevant (and

oftentimes vital) in determining whether the use of a firearm was justified.  *See, e.g., Pollard v.*

*City of Columbus*, 780 F.3d 395 (6th Cir. 2015) (holding that an officer's use of force following

a vehicle pursuit was reasonable and basing that holding, at least in part, on the suspect's conduct

during the pursuit).

Here, Plaintiff's motion for segmentation of the evidence asks the Court to prevent both

parties from presenting evidence of the events leading up to a shooting.  That request, if granted,

would cause the jury to view the shooting entirely out of context and with no way to determine

whether Defendant's conduct was reasonable.  The Court accordingly denies that request.

The Court therefore **DENIES** Plaintiff's motion in limine for segmentation of the

evidence.  (ECF No. 31.)  The Court **DENIES AS MOOT** Defendant's motion to strike

Plaintiff's reply memorandum in support of his motion for segmentation. (ECF No. 37.)  The

latter motion is moot for the additional reason that, pursuant to the Court's Standing Order in

Civil Jury Trials, the Court only accepts motions *in limine* and responses to the same.  *See In re:*

*Standing Order on Trial Procedures for Civil Jury Trials*, at 6 (May 20, 2014).  The Standing

4

Order does not contemplate reply memorandums.  *See id.*[1]  For this additional reason, the Court

declines to consider Plaintiff's reply memorandum in support of his motion for segmentation.

(ECF No. 36.)  The Court similarly declines to consider Defendant's reply memorandum in

support of its motion *in limine*.  (ECF No. 35.)

      Defendant's first motion *in limine* to exclude evidence of policy violations presents a

closer call.  Although the Court agrees with Defendant that, in theory, a violation of internal

policies does not establish a constitutional violation, the facts surrounding the vehicle chase in

this case (including Defendant's actions that may or may not have violated Gallia County

policies) are too intertwined with the subsequent use of force for the Court to conclude that they

are inadmissible for any purpose.  It simply is premature at this stage to conclude that Plaintiff

cannot present evidence of a policy violation without any context as to how Plaintiff intends to

present that evidence or how that evidence ties into the circumstances leading up to the shooting.

      The authority Defendant cites in his motion does not alter this conclusion.  The fact that

courts have declined to find constitutional violations in cases in which a defendant violated

internal policies does not make such evidence inadmissible for any purpose in this case.

      Defendant's second motion *in limine* fails for a similar reason.  This motion asks the

Court to exclude evidence of policy violations that occurred after February 18, 2013, despite the

fact that the Court has no information before it regarding what these violations are.  The Court

agrees with Plaintiff that, although the question of excessive force is objective, Defendant's

---

[1] In the Notice of Final Pretrial and Trial dated July 24, 2014, the parties and their counsel were informed that the "rules and trial procedures of Judge Gregory L. Frost should be downloaded from the Court's website at www.ohsd.uscourts.gov."  (ECF No. 12, at PAGEID # 36.)  Those procedures, available at http://www.ohsd.uscourts.gov/FPFrost, clearly set forth the Court's procedure for motions *in limine*.  The parties and their counsel are encouraged to read the remainder of the Court's rules and trial procedures for civil jury trials.

credibility regarding the facts as they existed at the time of the shooting is very much at issue in this case.  Without knowing more information about the policy violations Defendant seeks to exclude, the Court cannot conclude that such violations are irrelevant to Defendant's credibility (or other issues) such that they are inadmissible for any purpose.  Defendant's request is best resolved in context at trial.

For these reasons, the Court defers ruling on the evidentiary issue of whether policy violations are admissible at trial until it can view those violations in context with Plaintiff's evidence.  The Court accordingly **DENIES** Defendant's motions *in limine*.

### III.    CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's first motion *in limine* (ECF No. 26), Plaintiff's motion *in limine* (ECF No. 31), Defendant's motion to strike reply (ECF No. 37), and Defendant's second motion *in limine* (ECF No. 43).

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE